**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAMINA McKENZIE, | No. 17-55850 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-00769-JGB-DTB |
| v. | |
| SAN JOAQUIN VALLEY COLLEGE, INC.; RICHARD MATLEY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Adamina McKenzie appeals pro se from the district court's summary

judgment in her employment action alleging violations of Title VII and California

law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005), and we affirm.

The district court properly granted summary judgment on McKenzie's constructive wrongful termination claim under California law because McKenzie failed to raise a genuine dispute of material fact as to whether her adverse working conditions were unusually aggravated or amounted to a continuous pattern. *See Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1027 (Cal. 1994) ("In order to amount to a constructive discharge, adverse working conditions must be unusually aggravated or amount to a continuous pattern before the situation will be deemed intolerable." (internal quotation marks omitted)).

The district court properly granted summary judgment on McKenzie's discrimination claims under Title VII and California law because McKenzie failed to establish a prima facie case. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (prima facie case of discrimination under Title VII); *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (prima facie case of discrimination under the California Fair Employment and Housing Act ("FEHA")). Because McKenzie did not establish a claim for discrimination, the district court also properly granted summary judgment on McKenzie's failure to prevent

discrimination claim under California law. *See Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 272 (Cal. App. 2017) ("Where . . . a plaintiff cannot establish a claim for discrimination, the employer as a matter of law cannot be held responsible for failing to prevent same[.]").

The district court properly granted summary judgment on McKenzie's retaliation claims under Title VII and California law, including her claim under California Labor Code section 1102.5(b), because McKenzie failed to establish a prima facie case. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (prima facie case of retaliation under Title VII); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (prima facie case of retaliation under FEHA); *Soukup v. Law Offices of Herbert Hafif*, 139 P.3d 30, 48 (Cal. 2006) (applying the same requirements to retaliation claims under Cal. Labor Code § 1102.5(b)).

The district court properly granted summary judgment on McKenzie's hostile work environment claims under Title VII and California law because McKenzie failed to raise a triable dispute as to whether the conduct complained of was sufficiently severe or pervasive. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (to establish a claim under Title VII the conduct must be

3                                                                    17-55850

"sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive work environment" (citation omitted)); *Lyle v. Warner Bros. Television Prods.*, 132 P.3d 211, 219-20 (Cal. 2006) (establishing a claim under FEHA requires the same).

Contrary to McKenzie's contention, she was not entitled to a hearing on defendants' motion for summary judgment. *See* Fed. R. Civ. P. 78.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

McKenzie's motion to transmit physical exhibits (Docket Entry No. 4) is denied as unnecessary.

**AFFIRMED.**